UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN HUGHES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>MACON, INC. AND KATHY MATTHEWS,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:20-cv-1286 |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Jonathan Hughes, on behalf of himself and all others similarly situated, files this Original Collective Action Complaint against Defendants Macon, Inc. and Kathy Matthews ("Defendants").

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants operate a structural steel fabrication and erection company specializing in residential and commercial structural steel projects. Plaintiff Jonathan Hughes was employed by Defendants as a welder.

1.2   Jonathan Hughes was improperly classified as an independent contractor.

1.3   Jonathan Hughes was paid on an hourly basis.

1.4   Jonathan Hughes would often work more than forty hours in a week.

1.5   In fact, Jonathan Hughes would oftentimes work 55 to 60 hours per week.

1.6   Defendants paid Jonathan Hughes straight time for all hours worked.

1.7     Jonathan Hughes, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.8     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to hourly employees for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Macon, Inc. and Kathy Matthews because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

### A.     Plaintiff

3.1     Plaintiff Jonathan Hughes is an individual residing in Texas.  His notice of consent is attached to Plaintiff' Original Collective Action Complaint as Exhibit A.

**B.  Defendants**

3.2   Defendant Macon, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in this judicial district.

3.3   Defendant Macon, Inc. was an employer of Jonathan Hughes as defined by 29 U.S.C. §203(d).

3.4   Defendant Kathy Matthews is an individual who resides in Texas.

3.5   At all times relevant to this claim, Defendant Kathy Matthews acted directly or indirectly in the interest of Defendant Macon, Inc. in relation to Jonathan Hughes' employment.

3.6   Defendant Kathy Matthews was substantially in control of the terms and conditions of Jonathan Hughes' work.

3.7   Defendant Kathy Matthews was an employer of Jonathan Hughes as defined by 29 U.S.C. §203(d).

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, Defendants Macon, Inc. had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Macon, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide steel fabrication services both within the State of Texas and nationally. As steel fabricators, Defendants employed welders, one of whom was Jonathan Hughes.

5.2     Defendants employed Jonathan Hughes during the three-year period preceding the filing of this Complaint.

5.3     Defendants paid Jonathan Hughes and those similarly situated on an hourly basis. Jonathan Hughes and all those similarly situated consistently worked over forty hours per week. Jonathan Hughes and all those similarly situated were non-exempt employees. However, Defendants failed to pay Jonathan Hughes and all those similarly situated overtime premiums for any hours worked over forty per week, as they were all improperly classified as independent contractors.

5.4     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.6     Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.7     As President of Macon, Inc., Kathy Matthews independently exercised control over the work performed by Plaintiff and those similarly situated.

5.8     Kathy Matthews is responsible for running the day-to-day operations of Macon, Inc.

5.9     Kathy Matthews, acting directly in the interest of Macon, Inc., determined the wages to be paid to Plaintiff and those similarly situated.

5.10    Kathy Matthews, acting directly in the interest of Macon, Inc., determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.11    Kathy Matthews, acting directly in the interest of Macon, Inc., determined the locations where Plaintiff and those similarly situated would work.

5.12    Kathy Matthews, acting directly in the interest of Macon, Inc., determined the hours of Plaintiff and those similarly situated.

5.13    Kathy Matthews, acting directly in the interest of Macon, Inc., determined the conditions of employment for Plaintiff and those similarly situated.

5.14    Kathy Matthews, acting directly in the interest of Macon, Inc., maintained employment records on Plaintiff and those similarly situated.

5.15    Kathy Matthews, acting directly in the interest of Macon, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.16    At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.  Plaintiff and those similarly situated were not exempt employees.

5.17    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.18    Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2    Plaintiff brings his claim for relief on behalf of all persons who worked for Defendants as a welder at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    Defendants paid Plaintiff and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week. Defendants did not pay Plaintiff or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4    Though their job titles may vary, the members of the Collective Class were all welders.

6.5    Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6    Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7    Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8    Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action

pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4    Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.8     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.9     Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jonathan Hughes and all others similarly situated respectfully pray that Defendants Macon, Inc. and Kathy Matthews, individually, be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendants, jointly and severally:

   a.   Actual damages for the full amount of their unpaid overtime compensation;

   b.   Liquidated damages in an amount equal to their unpaid overtime compensation;

   c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

   d.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**